**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRISTINE E. HENDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 10-2455-JWL** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed this action pro se on August 17, 2010 seeking judicial review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). (Doc. 1). The court granted Plaintiff's motion to proceed in forma pauperis, and the United States Marshal served the summons and the complaint on the Commissioner. (Docs. 4, 6-8).

In accordance with District of Kansas Local Rule 83.7.1, the Commissioner timely answered and filed the transcript of the record below on October 25, 2010. (Doc. 9). When Plaintiff failed to timely file her Social Security Brief when due on December 9,

2010 in accordance with Local Rule 83.7.1, the court issued a "Scheduling Order" on December 13, 2010 directing Plaintiff's attention to the Local Rules, and requiring that Plaintiff file a Social Security Brief in compliance with Local Rule 83.7.1 no later than January 24, 2011. (Doc. 10). The "Scheduling Order" was mailed to Plaintiff by certified mail, and was delivered to her address of record on December 16, 2010. (Doc. 11). Plaintiff did not file her Social Security Brief within the deadline, and on January 31, 2011 the court issued an "Order to Show Cause" no later than February 18, 2011 why the court should not dismiss Plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or to comply with the court's "Scheduling Order." (Doc. 12). The "Order to Show Cause" was mailed to Plaintiff by regular mail. Id. In the "Order to Show Cause," the court again cautioned Plaintiff that she must comply with the Federal Rules of Civil Procedure, with the Local Rules, and with the court's orders. Id.

Plaintiff responded with a "Motion: To Secure Council" on February 8, 2011 (Doc. 13), and the court found good cause not to dismiss her case. (Doc. 14). On February 10, 2011, in an "Order Extending Time to File Social Security Brief and Denying Court Appointed Counsel," the court denied Plaintiff's motion to the extent it sought court-appointed counsel and provided Plaintiff with a list of attorneys in the Kansas City area currently engaged in Social Security practice before this court. Id. see also (Doc. 15) (List of Attorneys). It granted Plaintiff's motion to the extent it sought an extension of time to file a Social Security brief, established a deadline of March 10, 2011

for Plaintiff to file her brief, and informed her that she would be granted no further extensions to file a Social Security Brief pro se. Id. Once again, Plaintiff did not file a Social Security Brief within the deadline established by the court, and on March 17, 2011, the court issued a second "Order to Show Cause" no later than March 31, 2011 why the case should not be dismissed for failure to prosecute or comply with the court's "Order Extending Time to File Social Security Brief". (Doc. 17). In the second "Order to Show Cause," the court again reminded Plaintiff she must comply with the rules and orders of the court, and specifically warned her that "in the appropriate circumstances Plaintiff's case might be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rule 41.1 if she does not take action to prosecute this case or if she does not comply with the orders of the court." (Doc. 17, p.2).

March 31, 2011 came and went, and Plaintiff did not respond in any way to the "Order to Show Cause." It is now more than a week beyond the deadline, and Plaintiff has not responded to the "Order to Show Cause," has not renewed her motion for appointment of counsel, and has not filed a Social Security Brief or any other document. In short, the court does not know Plaintiff's present desire with regard to her request for judicial review of the Commissioner's decision denying benefits.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends

of justice." Id. (quotation omitted).  In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:  (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.  Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).  "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered some prejudice by Plaintiff's failure to actively prosecute this case.  The Commissioner has invested time and effort into researching and preparing an answer in this case and into preparing the administrative record and converting it into a format which is compatible with filing in the court's electronic case filing system.  Moreover, the Commissioner was required to utilize resources to monitor and review each of the court's orders and Plaintiff's motion to appoint counsel and determine whether any action on his part was necessary or appropriate in the circumstances.

The second factor also somewhat supports dismissal of this action.  The manner in which Plaintiff has prosecuted this case (or, perhaps more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.  The court has invested

time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success. Plaintiff's responses so far do not indicate that any amount of time will result in production of a Social Security Brief stating her position on the Commissioner's decision of her case.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor more heavily weighs in favor of dismissal. As is more fully laid out above, Plaintiff has failed to prepare and file a Social Security Brief since the Commissioner filed his answer and the administrative record on October 25, 2010. Only once has Plaintiff actually responded to any of the deadlines or orders issued by the court. In that one instance, Plaintiff sought appointment of counsel or an extension of time to file her brief. However, she has never informed the court of any action taken on her part to secure counsel despite the court's provision of a contact list of attorneys in the Kansas City area which engage in Social Security practice before this court.

The fourth factor is also satisfied. The court's latest "Order to Show Cause" specifically warned Plaintiff that her failure to respond could result in dismissal of her case, and the docket reflects that Plaintiff was served with that order by certified mail on March 18, 2011. (Doc. 18).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has repeatedly granted Plaintiff leniency in light of her status as a pro se litigant. It has repeatedly directed Plaintiff to the applicable portions of the Local Rules governing the preparation and submission of briefs in Social Security cases. It has repeatedly

rescheduled the briefing in this case to afford Plaintiff more time to seek the services of an attorney or to prepare her own brief explaining the errors in the Commissioner's decision--all to no avail. Moreover, the court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five <u>Ehrenhaus</u> factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. Defendants have suffered prejudice by virtue of having devoted resources to preparing and filing an answer and the administrative record in this case, and monitoring the numerous orders entered by the court in its attempts to secure prosecution of the case. Meanwhile, this case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution. Plaintiff's culpability for this predicament is high, as she is well aware of her obligation to prepare a brief. And, the court forewarned plaintiff that her failure to respond could result in dismissal and yet she still has not done so. At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 11th day of April 2011, at Kansas City, Kansas.

                                                  s:/   John W. Lungstrum
                                                  **John W. Lungstrum**
                                                  **United States District Judge**